IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 12-00055-01-CR-W-NKL |
| ROBERT BROWN, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION
## TO ACCEPT DEFENDANT'S GUILTY PLEA

On July 30, 2012, I held a change-of-plea hearing after this case was referred to me by the United States District Judge. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

### *I.    BACKGROUND*

On February 21, 2012, an indictment was returned charging defendant with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(D), one count of carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a).   This case was referred to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea.   The hearing was held on July 30, 2012.   Defendant was present, represented by Assistant Federal Public Defender Larry Pace.   The government was represented by Assistant United States Attorney Catherine Connelly.   The proceedings were recorded and a transcript of the hearing was filed on July 31, 2012.

## II. AUTHORITY OF THE COURT

Although the issue has not been widely litigated, the several courts faced with the question of whether a United States Magistrate Judge has authority to conduct a change-of-plea hearing have held that there is such authority. Determining whether a judicial duty is properly delegable to a Magistrate Judge requires a two-part analysis: First, it must be determined whether Congress intended for Magistrate Judges to perform the duty in question, and second, it must be determined whether the delegation of the duty to a Magistrate Judge "offends the principles of Article III of the Constitution." United States v. Dees, 125 F.3d 261, 264 (5th Cir. 1997), cert. denied, 522 U.S. 1152 (1998).

Although the Magistrates Act, 28 U.S.C. § 636, does not specifically mention change-of-plea hearings, it provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3). Courts have used this language to conclude that plea allocutions do not differ markedly from other duties performed by Magistrate Judges and therefore are assignable to them under the Act. See United States v. Dees, 125 F.3d at 265; United States v. Ciapponi, 77 F.3d 1247, 1251 (10th Cir.), cert. denied, 517 U.S. 1215 (1996); United States v. Williams, 23 F.3d 629, 633 (2nd Cir.), cert. denied, 513 U.S. 1045 (1994); United States v. Rojas, 898 F.2d 40, 42 (5th Cir. 1990).

The courts making the above determination also found that referring cases to Magistrate Judges for change-of-plea hearings was not in conflict with Article III of the Constitution. "Because the district court retained full authority to review and reject the

2

magistrate judge's recommendation, the delegation did not exceed the scope of magisterial authority contemplated by the Act. . . .  A district court has the power to review de novo a magistrate's taking of a guilty plea, and it can reject the plea if it finds a problem in the allocution." United States v. Dees, 125 F.3d at 265.  In addition, the district court has "unfettered authority to review a magistrate judge's recommendation regarding the voluntariness of a plea." Id.

Based on the above, I find that the District Court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

### *III.*    *FINDINGS OF FACT*

1. On February 21, 2012, an indictment was returned charging defendant with one count of carrying a firearm in connection with a drug trafficking crime, i.e., possession with intent to distribute marijuana, in violation of 21 U.S.C. § 924(c) (Tr. at 3-4).  Defendant understood the charges in the indictment (Tr. at 4).

2. The statutory penalty for the § 924(c) violation is not less than 5 years in prison and up to life in prison, a fine of up to $250,000, a supervised release term of not more than 3 years, and a mandatory $100 special assessment (Tr. at 4-5).

3. Defendant was advised of the following:

   a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 5);

   b. That he has the right to assistance of counsel throughout the trial (Tr. at 5);

3

c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 6);

d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 6);

e. That defendant has the right to testify but does not have to, and that the jury could not make an adverse inference from the fact that defendant may not testify at trial (Tr. at 6-7);

f. That defendant has the right to subpoena witnesses to testify on his behalf (Tr. at 7); and

g. That defendant has the right to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 8).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 8).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 8). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 9). Defendant stated that he understood (Tr. at 9).

6. Defense counsel stated that he reviewed the government's file (Tr. at 9). Government counsel stated that its evidence would show that on around about January 25, 2012, local law enforcement agents and federal agents received confidential information that the This and That Store, 6210 East Truman Road, Kansas City,

4

Missouri, was selling various controlled substances, including marijuana. With that information, on January 26, 2012, law enforcement proceeded to the This and That Store. While they were there, they observed a blue Chevrolet Tahoe, license number 2WP 635, that was a Missouri plate, arrive at that location. They also observed the defendant exit from the driver's seat as well as two other individuals, one African-American male and one African-American female. The three persons entered the This and That Store and remained there for about ten minutes. When they exited the store, they again entered the vehicle with the defendant driving. Law enforcement contacted a patrol officer and the patrol officer observed a traffic violation. The patrol officer pulled over the vehicle and approached the vehicle. That occurred again at Truman Road, but it was around 4608 Truman Road, Kansas City, Missouri. The police officer approached the vehicle. The driver rolled down the window. As soon as the window was open, the officer could smell marijuana. At that point, the officer ran the computer check after he received identification from the defendant. That computer check showed that the defendant had three outstanding warrants. He also had a suspended license. At that point the police officer again approached the vehicle and arrested the driver, the defendant. Because of the smell of marijuana, the police officer asked the other two passengers to exit the vehicle. The defendant was arrested. A search of the vehicle occurred. Under the driver's seat of the vehicle, the police officer recovered the weapon that's at issue here. That's the Glock 32 .357-caliber handgun. It had a license number EWU 814. It was loaded with approximately 21 shells. The police officer, on the upper console on the driver's side, recovered, 1.6 grams of

5

marijuana. In the rear seat, the officer recovered some more marijuana, approximately 61.9 grams. And in the center console, the police officer recovered a scale that's normally used, from the officer's experience, for distribution amount calculation. At that point the defendant was taken to a police office. He was Mirandized. He gave a statement. During the statement he denied any involvement in the possession of the weapon or the possession of the marijuana. (Tr. at 10-12).

7. Defense counsel agreed that his review of the evidence and his independent investigation confirmed that the facts were as alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 9-10, 12).

8. Defendant was placed under oath (Tr. at 13) and admitted the following: Sometime around January 26, 2012, he was in the Kansas City Metropolitan area and had a Glock Model 32 .325-Caliber handgun, which he had in connection with his possession with intent to distribute marijuana. Defendant knew that possessing and distributing marijuana is against the law (Tr. at 13-14).

9. Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 15-21). In addition, I went over the plea agreement with defendant during the change-of-plea hearing (Tr. at 15-21).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 21).

11. Defendant is satisfied with the advice and guidance he has received from Mr. Pace (Tr. at 21-24). There is nothing Mr. Pace has done that defendant did not want him to do, and there is nothing he wanted Mr. Pace to do that Mr. Pace has not

6

done, with the exception of his desire to have Mr. Pace file a suppression motion (a hearing was held on this complaint and Mr. Pace stated that there was no legal basis for filing such a motion) (Tr. at 21-24).

12. Defendant is 29 years of age and has a 9th grade education (Tr. at 24). He can read, write, and understand English (Tr. at 24). He was not under the influence of any alcohol or drug that would affect his ability to make an intelligent choice about pleading guilty during the change-of-plea hearing, and he has no mental health issues (Tr. at 24).

13. Defendant tendered a plea of guilty to the crime charged in count two of this indictment (Tr. at 25).

## IV. *ELEMENTS OF THE CHARGED OFFENSE*

The elements necessary to sustain a conviction for carrying a firearm in connection with a drug trafficking crime are: (1) defendant committed the crime of possession with intent to distribute marijuana, and (2) defendant knowingly possessed a firearm in furtherance of that crime.

Eighth Circuit Model Criminal Jury Instruction No. 6.18.924.

## V. *CONCLUSION*

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crime charged in count two of this indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offense charged.

The parties waived the 14-day objection period (Tr. at 25-26). It is

ORDERED that any objection to this Report and Recommendation shall be filed by August 6, 2012.

    /s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 3, 2012